```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ERIC LEE BELL,**

                          **Petitioner,**

         **v.**                                             **CASE NO. 20-3245-SAC**

**STATE OF KANSAS,**

                          **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial screening of the petition, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 directs the courts to promptly examine a petition for habeas corpus relief and, "[i]f … it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § foll. § 2254.

Petitioner challenges his convictions in Case No. 17 CR 2934 and Case No. 16 CR 3172. In conducting its initial review, and after consulting on-line records maintained by the state courts, the Court finds that petitioner did not pursue a direct appeal or any post-conviction challenge following his conviction in the two cases he identifies.

### Analysis

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

"[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 1999) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *see also* 28 U.S.C. § 2254(b)(1)(A). Because it does not appear the petitioner pursued an appeal or any post-conviction relief, his claims are unexhausted.

Where, as here, a federal court determines that a petitioner has failed to exhaust his claims, the court may either deny the claims on the merits, *see* 28 U.S.C. § 2254(b)(2), or dismiss the unexhausted claims without prejudice to allow the applicant to return to state court to exhaust the claims, *see Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006). However, when a petitioner's claims would be subject to dismissal in the state courts, the claims are subject to anticipatory procedural bar. *See Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) ("Anticipatory procedural bar occurs when the federal

courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (internal quotation marks omitted)).

When a federal court applies an anticipatory procedural bar to a habeas applicant's claims, the claims are "considered *exhausted* and *procedurally defaulted* for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (emphases added); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability."); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that "there is a procedural default for purposes of federal habeas review" if "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Under Kansas law, petitioner had 14 days from the entry of judgment in his criminal cases to file a notice of appeal. *State v. Maberry*, 465 P.3d 191, 197 (Kan. Ct. App. 2020)("Under the current statute, a criminal defendant has 14 days from the entry of judgment to file a notice of appeal. K.S.A. 2019 Supp. 22-3608(c)."). Likewise, a Kansas prisoner ordinarily may seek post-conviction relief under K.S.A. 60-1507 within one year of the end of appellate jurisdiction from his direct appeal.[1]

---

[1] In relevant part, K.S.A. 60-1507 provides:

Because it does not appear the petitioner filed an appeal or sought post-conviction relief, and because it appears those remedies would now be procedurally barred, the Court will direct petitioner to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **October 29, 2020,** to show cause why this matter should not be dismissed due to his failure to exhaust his claims for relief. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS SO ORDERED.**

DATED:  This 8th day of October, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg

---

(f) *Time limitations*. (1) Any action under this section must be brought within one year of:
(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.
(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

Kan. Stat. Ann. 60-1507.