IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC LEE BELL,

Petitioner,

v.                                        CASE NO. 20-3245-SAC

WARDEN SAM CLINE,[1]

Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

On October 8, 2020, the Court directed petitioner to show cause why this matter should not be dismissed due to his failure to pursue state appellate or post-conviction remedies and the expiration of the time to pursue those remedies. Petitioner has filed a motion for a temporary restraining order (TRO) or preliminary injunction (Doc. 8) and two responses to the order to show cause (Docs. 9 and 10).

To obtain a TRO or other injunctive relief, the moving party must show "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016)

---

[1] The Court substitutes Warden Cline as the respondent in this action. *See* Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

(quotation omitted). Because preliminary injunctive relief is an extraordinary remedy, the right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Petitioner's motion does not provide sufficient grounds for the relief he seeks. His 19-page motion seeks an appeal bond[2] but does not identify any specific circumstances that might warrant injunctive relief. The Court will deny the motion.

Likewise, petitioner's responses to the order to show cause do not address the ground identified in the order to show cause, namely, his failure to pursue state court remedies before commencing this habeas corpus action. Because of that failure, this matter must be dismissed. As explained in the order to show cause, a writ of habeas corpus generally may not be granted unless the petitioner has exhausted the claims by presenting them to the state courts, including the state appellate courts. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Where, as here, a petitioner failed to exhaust the habeas claims and no state remedy is available, the claims may be subject to dismissal as procedurally defaulted. When a state prisoner procedurally defaults his federal habeas claim in state court, a federal court will not review that claim unless the petitioner "can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional

---

[2] Petitioner does not identify any appeal that is proceeding, and, although he attaches copies of prison disciplinary records, that material is unrelated to his challenge under § 2254 to his state court conviction. The Court therefore has liberally construed the motion as a request for release during the pendency of this habeas corpus action.

violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064-65 (2017)(quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). Petitioner has not identified any cause for the failure to exhaust state court remedies, and the Court, having reviewed the record, concludes this matter may be dismissed due to his procedural default.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to pursue state court remedies is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions for leave to proceed in forma pauperis (Docs. 2 and 6) are granted.

IT IS FURTHER ORDERED petitioner's motion for temporary restraining order or preliminary injunction (Doc. 8) is denied.

IT IS FURTHER ORDERED the petition is dismissed due to

petitioner's procedural default. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 20th day of October, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg